8     APPELLATE COURTS OF ILLINOIS.

Chicago Form Co. et al. v. Greenburg et al., 191 Ill. App. 8.

## Chicago Form Company and M. H. Cazier, Appellees, v. George G. Greenburg and Henry Duckgeischel. George C. Greenburg, Appellant.

### Gen. No. 19,246.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed December 31, 1914. Rehearing denied January 20, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Chicago Form Company, a corporation, and M. H. Cazier against George G. Greenburg and Henry Duckgeischel to recover for money paid out by plaintiff for the defendants.

The facts showed that defendants were about to form a corporation to be known as the ''Green-Duck Company'' for the manufacture of some metal specialties. Being desirous of securing the room described in the lease hereinafter mentioned, to be occupied by the Green-Duck Company when it should become incorporated, they induced M. H. Cazier, who was president of the plaintiff Company, to secure a lease thereof for them. The lease was to be taken in the name of the Chicago Form Company and M. H. Cazier, as lessees.

Cazier secured from one Warren Springer the lease desired for a term beginning December 1, 1906, and ending April 30, 1912, at a monthly rental of $175, and paid the first month's rent therefor. On December 18, 1906, the following agreement in writing was executed;

''THIS AGREEMENT between the Chicago Form Company, and M. H. Cazier of Chicago, Illinois, parties of the first part, and George G. Greenburg and Henry Duckgeischel of Chicago, Illinois, parties of the second part.

"WITNESSETH, that whereas the party of the first part has leased for a period beginning December 1, 1906, and ending April 30, 1912, from Warren Springer, certain tenement known as the fifth floor of No. 300 South Clinton street.

"It is agreed between the parties hereunto that the said premises shall be used and occupied, during the term aforesaid, or until otherwise contracted for by the parties hereunto, and all rents and damages claimed by the owner or landlord, shall be met and satisfied by the parties of the second part, and they do hereby agree to protect and save the said party of the first part from all liability arising out of said lease. This in consideration of their use and occupancy of the premises.

CHICAGO FORM COMPANY,
M. H. CAZIER,
GEO. G. GREENBURG,
HENRY DUCKGEISCHEL."

It seems to be conceded that Greenburg and Duckgeischel occupied the premises until the Green-Duck Company was incorporated which was in the early part of January, 1907; that the first month's rent was repaid to Cazier by Greenburg and Duckgeischel, and that after the Green-Duck Company was incorporated it occupied the premises until about January 31, 1910, and paid all the rent directly to Warren Springer, the landlord.

On April 24, 1911, by virtue of the power of attorney contained in the lease a judgment was confessed in the Municipal Court in favor of Springer, the landlord, and against plaintiffs for $2,025 and costs, which was for eleven months' rent at $175 per month, amounting to $1,925 and $100 attorney fees. The costs in that case were $13, making the total amount of the judgment and costs $2,038. Of this judgment appellant had notice, but there is nothing in the record to show that he ever took any steps either to have it vacated or to pay it or to prevent plaintiffs from being forced to pay it. This judgment was satisfied December 19,

1911, and appellees' claim it was paid in full by them. Thereafter this suit was instituted. Plaintiffs in their affidavit of claim relied on the contract of December 18, 1906, heretofore set out and also on a claimed contract of January 8, 1907. The execution of the contract of January 8, 1907, was denied by appellant both in his affidavit of defense and on the witness stand. He also introduced in evidence a special finding by a jury in another case as tending to prove that it had not been executed. The court thereupon excluded from the consideration of the jury all evidence as to its execution. The jury found the issues against the defendants and assessed the plaintiffs' damages at $2,038. From a judgment on this verdict, defendant George G. Greenburg alone appeals.

GENTZEL & CRANE, for appellant Greenburg.

GIDEON S. THOMPSON, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 998*—*when record fails to show error in the admission of evidence.* A written contract is not shown to have been erroneously admitted in evidence for the reason it was superseded by and merged in a subsequently-executed contract.

2. EVIDENCE, § 320*—*parol evidence.* Proof of matters antecedent to the making of a written contract, *held* not improperly admitted where the proof related to the circumstances under which a lease, referred to in the contract, was made, and did not refer in any way to the contract.

3. CONTRACTS, § 366*—*right to recover on one contract where two contracts declared on.* The fact that plaintiff in his affidavit of claim relies on two different contracts with the defendants, one as an original undertaking and the other as a guaranty, *held* not to prevent a recovery on the original undertaking when the same and its breach is established by the evidence, and the evidence of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

contract of guaranty is excluded from the record at the instance of defendant.

4. INDEMNITY, § 5*—*binding effect of temporary agreement.* A contract to protect a party from liability on a lease, to be binding "until otherwise contracted for by the parties," *held* intended to be in a sense a temporary arrangement, but to continue in force until the expiration of the lease unless sooner abrogated by another contract.

5. INDEMNITY, § 11*—*when contract covers attorney's fees.* A contract to indemnify a party against any damages sustained on account of its liability·as the lessee in a lease, *held* to cover attorney's fees and costs where a judgment against such party was entered by confession on a power of attorney contained in the lease, with a provision therein for attorney's fees.